UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 17-cv-80259-KAM/WDM

ELECTRONIC COMMUNICATION
TECHNOLOGIES, LLC,

    Plaintiff,

v.

BATTERIES ONLINE, INC.

    Defendant.

_____/

**PLAINTIFF ELECTRONIC COMMUNICATION TECHNOLOGIES, LLC'S
RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE CLERK'S
DEFAULT AND FOR EXTENSION OF TIME**

Plaintiff ELECTRONIC COMMUNICATION TECHNOLOGIES, LLC ("Plaintiff" or "ECT"), responds to Defendant's BATTERIES ONLINE, INC. ("Defendant" or "BATTERIES") Motion to Set Aside the Clerk's Default and for Extension of Time (the "Motion").

**PRELIMINARY STATEMENT**

In its Motion, Defendant admits willfully ignoring the Court's deadline for responding to the Complaint. Defendant fails to raise any meritorious defense. Defendant also fails to show any excusable neglect. Moreover, Defendant does not set forth good cause for its requested extension of time. Consequently, Defendant's Motion should be denied.

**MEMORANDUM OF LAW**

> A district court may set aside the entry of a Clerk's Default "for good cause" . . . "Good cause is not susceptible to a precise formula." Rather, courts consider numerous factors to determine whether a litigant has shown good cause to set aside an entry of default. Those factors include (1) whether the defaulting party presented a meritorious defense to the suit; (2) whether the failure to act was willful; (3) whether the non-defaulting party would suffer prejudice as a result of the default being set aside; (4) whether the public interest is implicated; (5) whether the defaulting party suffered significant financial loss, and (6) whether

the defaulting party acted promptly to correct the default. "These factors are not 'talismanic," and the goal behind them is to identify whether circumstances warrant a finding of good cause to set aside the default. Importantly, "[c]ourts have found the lack of a meritorious defense particularly important in assessing whether good cause exists to set aside an entry of default." "This makes good sense: If a defendant can offer no meritorious defense to a claim, litigating that claim is just a longer road to the same destination reached by the entry of default."

*First Nat'l Bank of Oneida, N.A. v. Brandt*, No. 8:16-cv-51-T-17MAP, 2017 U.S. Dist. LEXIS 6505, at *8-9 (M.D. Fla. Jan. 17, 2017) (internal citations omitted) *quoting Lorenzo v. Wells Fargo Bank, N.A.*, 606 F. App'x 548, 551 (11th Cir. 2015). If a party willfully defaults by displaying an intentional or reckless disregard for the judicial process, the court need make no other findings in denying relief. *Cytrynbaum v. John Francis Baxter*, 2012 WL 12865261 (S.D. Fla. Aug. 30, 2012) *citing Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996).

In its Motion, Defendant admits intentionally ignoring this Court's deadline. [DE 10-1 ¶¶ 12-13]. Defendant also does not raise any meritorious defense. Rather, instead of responding to the Complaint (or negotiating with ECT in good faith), Defendant intends to wait and see how the Court rules in pending parallel litigation. [DE 10 at 10]. *See, also,* Decl. E. Turnbull attached as **Exhibit A**. However, as explained in each of those parallel cases, the asserted claim of Plaintiff's patent are directed to patent eligible subject matter. The asserted claim is nearly identical to the claim structure accepted by the Federal Circuit as subject matter eligible in *Amdocs (Israel) Ltd. v. Openet Telecom, Inc., et. al.*, 841 F.3d 1288, 1299 (Fed. Cir. Nov. 1, 2016) ("Amdocs"). **Exhibit B.** The asserted claim also embodies similar subject matter as those recently found eligible in *Vehicle IP, LLC, v. AT&T Mobility LLC*, No. CV 09-1007-LPS, 2016 WL 5662004, at *6, 2016 U.S. Dist. LEXIS 133999, at *10 and fn. 1 (D. Del. Sept. 29, 2016) (distinguishing *MacroPoint, LLC v. FourKites, Inc.*, 2015 U.S. Dist. LEXIS 151045, 2015 WL

**ASSOULINE & BERLOWE, P.A.**
1801 N. Military Trail, Suite 160, Boca Raton, Florida 33431 • Telephone: (561) 361-6566 • Facsimile: (561) 361-6466

6870118, at *1-7 (N.D. Ohio Nov. 6, 2015). *See* **Exhibit C.** As the United States Patent and Trademark Office determined when it determined that the patent was directed toward "allowable subject matter" the claims of the '261 Patent are directed to an inventive ordered combination that constitutes an improvement in the art of secure automated shipping notification systems. **Exhibit D at 6.** *See, also, BASCOM Global Internet Services v. AT&T Mobility LLC*, 827 F.3d 1341, 1343 (Fed. Cir. 2016) (vacating a district court's dismissal of a complaint based upon § 101 and holding that where there is "nothing in the intrinsic record to refute . . . as a matter of law" that there is an inventive concept in the "ordered combination of limitations"); *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1315 (Fed. Cir. 2016) (holding software steps patentable and stating "[t]he concern underlying the exceptions to § 101 is not tangibility, but preemption"); *Enfish, LLC, v. Microsoft Corp.*, 822 F.3d 1327 (Fed Cir. 2016) (holding methods of storing data subject matter eligible).

> Precedent and practice permit a patentee to express that procedural algorithm 'in any understandable terms including as a mathematical formula, in prose, or as a flow chart, or in any other manner . . .

*Typhoon Touch Techs., Inc. v. Dell, Inc.,* 659 F.3d 1376, 1385 (Fed. Cir. 2011). The algorithm transforms a "general purpose computer" into the "special purpose computer programmed to perform the disclosed algorithm." *Free Stream Media Corp. v. Alphonso Inc.,* No. 2:15-CV-1725-RWS, 2017 U.S. Dist. LEXIS 46921, at *14 (E.D. Tex. Mar. 29, 2017) *quoting Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech.*, 521 F.3d 1328, 1333 (Fed. Cir. 2008); *Cf., In re Katz Interactive Call Processing Patent Litigation*, 639 F.3d 1303, 1316 (Fed. Cir. 2011) (holding basic "processing," "receiving," and "storing" functions were not indefinite because a general purpose computer need not "be specially programmed to perform the recited function").

The Patent is presumed valid. 35 U.S.C. § 282. Defendant has neither raised any other defense nor alleged anything that, if proven, could constitute clear and convincing evidence that the patent is directed toward an abstract idea and not inventive.[1] *Front Row Techs., LLC v. NBA Media Ventures, LLC*, No. CIV 10-0433 JB/SCY, 2016 WL 5404094, at *35 (D.N.M. Aug. 30, 2016); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 96, (2011). "While the ultimate question of patent validity is one of law, the same factual questions underlying the PTO's original examination of a patent application will also bear on an invalidity defense in an infringement action." *Id*. at 91 (citations and quotations omitted); *See, also, Affinity Labs*, 109 F.Supp.3d at 933 (recognizing that a § 101 analysis "may contain underlying factual issues"). Without a meritorious defense Defendant is not prejudiced by the entry of default which is consistent with public policy and efficient uses of Court resources. Consequently, Defendant's Motion should be denied, or in the alternative Defendant ordered to answer within ten (10) days.

WHEREFORE, Plaintiff Electronic Communication Technologies, LLC, hereby respectfully requests that Defendant's motion be denied, or in the alternative that Defendant be ordered to answer the Complaint with ten (10) days.

[Signature page follows . . . ]

---

[1] Notably in both the parallel Shoppershoice.com, LLC and Minted, LLC matters defendants have raised defenses and counterclaims for *non-infringement*. The assertion of *non-infringement* counterclaims evidences that there is no preemption concern, which is the main focus of a subject matter eligibility analysis. *Cf. Amdocs (Israel) Ltd. v. Openet Telecom, Inc., et. al.*, 841 F.3d 1288, 1303 and 1316 (Fed. Cir. Nov. 1, 2016); *Mayo Collaborative Servs. v. Prometheus Labs., Inc*., 566 U.S. 66, 86, 132 S. Ct. 1289, 1301 (2012). The fact that there are multiple infringers, many of which have licensed the patent does not evidence that the patent is invalid. Rather, it shows that it was truly useful and inventive. *See, e.g., Eibel Process Co. v. Minn. & Ont. Paper Co.*, 261 U.S. 45, 56, 43 S. Ct. 322, 325 (1923) (holding inventive the application of gravity to improve an existing machine drawn to a patent eligible subject matter, specifically, the improved machine even though most in the industry likely infringed or licensed the patent).

DATED:  April 17, 2017                    Respectfully submitted,

                                                **ASSOULINE & BERLOWE, P.A.**
                                                1801 N. Military Trail, Suite 160
                                                Boca Raton, Florida 33431
                                                Telephone: 561-361-6566
                                                Facsimile:  561-361-6466

                                        By: s/Peter A. Koziol
                                                Peter A. Koziol (FBN 030446)
                                                pak@assoulineberlowe.com
                                                Eric N. Assouline, Esq. (FBN 106143)
                                                ena@assoulineberlowe.com
                                                Greg M. Popowitz (FBN 070313)
                                                gmp@assoulineberlowe.com

                                              **Attorneys for Plaintiff,**
                                              **Electronic Communication Technologies, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

  I HEREBY CERTIFY that on April 17, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner referenced below.

               By:  *s/ Peter A. Koziol*
                   Peter A. Koziol

<u>**SERVICE LIST**</u>
*Electronic Communication Technologies, LLC v. Batteries Online, Inc.*
**CASE NO.: 17-cv-80259-KAM/WDM**
**United States District Court, Southern District of Florida**

<u>**VIA CM/ECF**</u>
David K. Friedland, Esq.
dkf@friedlandvining.com
Jaime Rich Vining
jrv@friedlandvining.com
Friedland and Vining
9100 S. Dadeland Blvd.
Suite 1620
Miami, Florida 33156
Telephone: (305) 777-1725
Facsimile: (305) 456-4922

and,

James A. Stepan, Esq.
jstepan@mayback.com
Mayback & Hoffman, P.A.
5846 S. Flamingo Road, #232
Fort Lauderdale, FL 33330
Telephone: (954) 251-5002
Facsimile: (954) 704-1588

***Attorneys for Defendant,***
***Batteries Online, Inc.***