**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 17-80259-KAM

**ELECTRONIC COMMUNICATION TECHNOLOGIES, LLC,**

Plaintiff,

v.

**BATTERIES ONLINE, INC.,**

Defendant.
_____________________________________________/

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE CLERK'S DEFAULT AND FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING**

Defendant BATTERIES ONLINE, INC. ("BATTERIES ONLINE") hereby files its reply memorandum in support of motion to set aside default and for extension of time to file a responsive pleading to twenty-one (21) days after the Court rules on the pending motions to dismiss and for judgment on the pleadings in the four companion cases also before the Court.

**I. Good Cause Exists to Vacate the Clerk's Default**

Plaintiff ELECTRONIC COMMUNICATION TECHNOLOGIES, LLC ("ECT") does not dispute that settlement negotiations are good cause to set aside a clerk's default and, in particular, does not dispute the holding in *Lawson v. Sutton*, 2017 U.S. Dist. LEXIS 789, *3-4, no. 8:16-cv-403 (M.D. Fla. Jan. 4, 2017). There is no doubt that settlement negotiations occurred in the time leading up to, and continuing after, ECT filed its Motion for Entry of Clerk's Default. [Doc. No. 10-1].

Additionally, ECT made no showing whatsoever (i) of any prejudice if would suffer if

the Court were to set aside the Clerk's default or (ii) that BATTERIES ONLINE acted willfully or did not act promptly, especially in view of the fact that BATTERIES ONLINE moved to set aside the clerk's default ***one (1) business day*** after entry of same. [Doc. Nos. 9-10]; *Rodriguez v. Brim's Food*, 2013 U.S. Dist. LEXIS 86131, *6-7, 2013 WL 3147348, *3, no. 13-cv-20600 (S.D. Fla. June 19, 2013); *You Fit v. Pleasanton Fitness,* 2013 U.S. Dist. LEXIS 54995, *3-7, no. 8:12-cv-1917 (M.D. Fla. Apr. 17, 2013). As set forth in Defendant's moving papers, sufficient grounds exist for this Court to set aside the clerk's default.

## II. BATTERIES ONLINE sets forth meritorious defenses under 35 U.S.C. § 101 and *Alice*

ECT's primary argument in opposing Defendant's Motion is that BATTERIES ONLINE did not set forth a meritorious defense that it would assert if the Court indeed sets aside the clerk's default entry. However, BATTERIES ONLINE clearly adopted the arguments in the motions to dismiss and for judgment on the pleadings in the four companion cases which assert that Claim 11 of the '261 patent is ineligible under 35 U.S.C. § 101 and *Alice* because Claim 11 is directed to an abstract idea and lacks an inventive concept. [Doc. No. 10, pp. 9-10]. The motions in these companion cases are fully briefed and this Court heard oral argument on April 7, 2017. The § 101 challenge to the patent eligibility of Claim 11 of the '261 patent represents a meritorious defense available for BATTERIES ONLINE to assert in this matter.

Furthermore, BATTERIES ONLINE is not required to show at this stage that the § 101 motions in the companion cases will be successful, only that there is a "hint of a suggestion" that Claim 11 is not eligible for patent protection. The fact that claims from a trio of sister patents stemming from the same original patent application from the same inventor with the same

specifications and similar patent claims were already declared ineligible under *Alice* and § 101 in *Eclipse IP, LLC v. McKinley Equip. Corp.*, 2014 U.S. Dist. LEXIS 125529, *21-33 (C.D. Cal. Sept. 4, 2014), along with other authority relied upon in the companion cases, is a sufficient hint of a suggestion. *Rodriguez v. Brim's Food, supra*, 2013 U.S. Dist. LEXIS 86131 at *8 (vacating clerk's default and holding "with regard to a meritorious defense, the likelihood of success is not the measure. Instead, where a Defendant has provided by clear statements a "hint of a suggestion" that his case has merit that is sufficient."); *Argoitia v. C & J Sons, LLC*, 2014 WL 1912011, *2, 2014 U.S. Dist. LEXIS 65611, *4-6, no. 13-62469 (S.D. Fla. May 13, 2014) (vacating clerk's default and holding "the likelihood of success, however, is not the correct measure for determining whether Defendants present a meritorious defense to warrant vacating the defaults."); *Black v. Alternative Painting Squared, Inc.*, no. 08-88, 2008 WL 2370394, at *1 (M.D. Fla. June 6, 2008); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). In other words, ECT's disagreement with the *Alice*/§101 arguments does not mean that there is no meritorious defense.

Furthermore, most of ECT's response is an effort to bolster its arguments on the substantive merits of the already-briefed and argued § 101 motions which, in addition to being insufficient to keep the clerk's default in place, is also improper. ECT also raises arguments, such as, for example, that the ordered combination of the software code is an inventive concept, that were not raised in ECT's four response briefs filed in the companion cases.[1] Inclusion of such arguments in response to BATTERIES ONLINE's motion is tantamount to a sur-reply filed

[1] *See ECT v. Minted, LLC*, no. 16-CIV-81669 [Doc. No. 26]; *ECT v. Lakeshore Equip. Co.*, no. 16-CIV-81672 [Doc. No. 30]; *ECT v. Pep Boys*, no. 16-CIV-81676 [Doc. No. 29]; and *ECT v. ShoppersChoice.com, LLC*, no. 16-CIV-81677 [Doc. No. 31].

without leave in derogation of S.D. Fla. L.R. 7.1(c).

### III. ECT's Arguments are Factually Incorrect

Finally, ECT attaches a declaration from Edward Turnbull, one its two officers, apparently to suggest that BATTERIES ONLINE disregarded the complaint and did not negotiate in good faith. The declaration is not enough to maintain the clerk's default because the declaration concedes that states that there were discussions about settlement, which is good cause under *Lawson v. Sutton*, *supra.* The fact that parties did not settle as a result of those discussions does not change the fact that BATTERIES ONLINE engaged in good-faith settlement discussions and did not expect to get blindsided by ECT's Motion for Entry of Clerk's Default.

Additionally, the Turnbull declaration is not factually correct. The letter that ECT claims to have sent BATTERIES ONLINE on January 19, 2017 (which was later forwarded to BATTERIES ONLINE in March 2017) was actually sent to a separate entity called Batteries.com, Inc. at an address in Sheldon, Connecticut. Ex. 1, ¶¶ 4-10. BATTERIES ONLINE is not the same entity as Batteries.com, Inc. and is located in Norcross, Georgia, not Sheldon, Connecticut. Ex. 1, ¶ 4-10. In fact, the return of service lists service in Norcross, Georgia, not Sheldon, Connecticut. [Doc. No. 7]. Contrary to what ECT contends through the Turnbull declaration, the first time that BATTERIES ONLINE heard from ECT was on or about March 2, 2017. Ex. 1, ¶ 4-10.

In summary, BATTERIES ONLINE set forth a sufficient basis for this Court to set aside the clerk's entry of default under the liberal standard that favors resolution of cases on the merits. ECT either ignored or failed to rebut these grounds. As such, BATTERIES ONLINE respectfully reiterates the request made in its moving papers, namely that the Court enter an

Order setting aside the clerk's entry of default and extending the time for BATTERIES ONLINE to move, answer, or otherwise respond to the Complaint until 21 days after the Court rules on the § 101 motions in the companion cases.

Date: April 24, 2017

Respectfully submitted,

**FRIEDLAND VINING, P.A.**

/s/David K. Friedland
By: David K. Friedland
Florida Bar No. 833479
Email: dkf@friedlandvining.com
Jaime Rich Vining
Florida Bar No. 030932
Email: jrv@friedlandvining.com
9100 S. Dadeland Blvd., Suite 1620
Miami, FL 33156
(305) 777-1720 – telephone
(305) 456-4922 – facsimile

and

**MAYBACK & HOFFMAN, P.A.**

/s/James A. Stepan
By: James A. Stepan
Florida Bar No. 0184896
Email: jstepan@mayback.com
5846 S. Flamingo Road, #232
Fort Lauderdale, FL 33330
(954) 251-5002 – telephone
(954) 704-1588 – facsimile

*Counsel for Defendant BATTERIES ONLINE*

## CERTIFICATE OF SERVICE

I hereby certify that on the above referenced date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the Manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Eric Nissim Assouline**
**Greg Matthew Popowitz**
Assouline & Berlowe, P.A.
213 E Sheridan Street, Suite 3
Dania Beach, FL 33004
Email: ena@assoulineberlowe.com
Email: gmp@assoulineberlowe.com
*Service via CM/ECF*

**Peter Andrew Koziol**
Assouline & Berlowe, P.A.
1801 N. Military Trail, Suite 160
Boca Raton, FL 33431
Email: pak@assoulineberlowe.com
*Service via CM/ECF*

/s/James A. Stepan
James A. Stepan